IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 12, 2020

**LEONEL LOPEZ v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County
No. 2011-C-2591    Jennifer Smith, Judge**
_____

**No. M2019-00683-CCA-R3-PC**
_____

A Davidson County grand jury indicted Petitioner, Leonel Lopez, for first degree murder. After a jury trial, Petitioner was convicted of second degree murder. Petitioner received a twenty-year sentence. This Court upheld Petitioner's conviction on appeal. *State v. Lopez*, 440 S.W.3d 601 (Tenn. Crim. App. 2014). Petitioner filed a pro se petition for post-conviction relief arguing that he received ineffective assistance of counsel, that the prosecution failed to disclose exculpatory evidence, that the State engaged in prosecutorial misconduct, and that the trial court made various errors. After two hearings, the post-conviction court denied relief. After reviewing the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, and ROBERT H. MONTGOMERY, JR., JJ., joined.

Wesley Clark (at hearing and on appeal), Nashville, Tennessee, for the appellant, Leonel Lopez.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Doug Thurman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

Petitioner was indicted by a Davidson County grand jury for first degree murder. After a trial, a jury convicted Petitioner of the lesser-included offense of second-degree murder. This Court provided a brief summary of facts in Petitioner's direct appeal when outlining the sufficiency of evidence:

> [T]he evidence showed that [Petitioner] repeatedly punched and kicked the victim all over her body, including her head, even after she lost consciousness. [Petitioner] punched another bar patron who attempted to intervene. The attack on the victim grew so vicious that [Petitioner's] friends tried to make him stop and took a pool stick away from him to prevent him from hitting the victim with it. After he stopped, [Petitioner] screamed that he had killed the victim and that her children "would be next." The victim suffered severe injuries from the attack, her brain swelled, and she died a week later.

*Lopez*, 440 S.W.3d at 609. Petitioner received a twenty-year sentence. Petitioner challenged his conviction, and this Court affirmed the conviction on February 24, 2014. *Id*. at 603. On March 3, 2015, Petitioner filed a pro se petition for post-conviction relief which was subsequently amended by appointed counsel.

### Post-Conviction Hearing

Trial counsel stated that he was hired by friends of Petitioner. After reviewing the evidence, trial counsel was "comfortable [the State was] not gonna be able to prove premeditation." Trial counsel's "preparation for the case hinged on, on proving there was no premeditation." Trial counsel did not file any pre-trial motions to exclude evidence because he believed there was nothing in the evidence that was inadmissible. He did not call any witnesses, but felt he did an effective job of cross-examining the State's witnesses to negate premeditation. Trial counsel recalled that the three witnesses who testified against Petitioner each described what they saw. Each witness testified that they saw Petitioner beat and kick the victim and use a pool cue to hit her. The autopsy report supported the testimony of the State's witnesses. Trial counsel recalled that Petitioner confessed to beating the victim with his fists and kicking her. Trial counsel agreed that the only way to get the jury to convict for voluntary manslaughter was to put Petitioner on the stand, and trial counsel did not believe that was a good idea. Petitioner chose not to testify. Trial counsel stated he "was on a tight rope in trying to shed positive light on [Petitioner], but [trial counsel] also didn't want to paint the victim as a perpetrator." Trial counsel interviewed all witnesses who were at the crime scene, including Carlos Jiminez-Gomez. Ultimately, trial counsel chose not to call Mr. Jiminez-Gomez because his testimony would paint the victim as an aggressor and that would have upset the jury.

- 2 -

Petitioner testified that he kicked and beat the victim, but did not intend to kill her. Petitioner was upset that the victim had confronted his cousin and screamed at Petitioner. Petitioner was under the influence of drugs and alcohol and that "it was only a moment of anger, but [Petitioner] never had the intention of things to end that, that way." Petitioner testified that he told trial counsel to call Michel Hernandez, Cesar Cedillo, and Mr. Jiminez-Gomez because they were present when Petitioner beat the victim. Petitioner believed that he should have been convicted of voluntary manslaughter instead of second degree murder.

Mr. Jiminez-Gomez testified that Petitioner was his cousin and friend. He was not interviewed by police, but acknowledged that trial counsel had interviewed him. Trial counsel told him that he would be called as a witness at trial but that never happened. Mr. Jiminez-Gomez stated that the victim became aggressive with Mr. Hernandez, that Petitioner intervened, and that the victim then "threw herself on [Petitioner]." The victim was verbally aggressive toward Petitioner and that is when Petitioner began beating the victim. Mr. Jiminez-Gomez never informed police about his version of events even though he believed what he had to say was important and relevant. Mr. Jiminez-Gomez did not see the victim strike Petitioner, but stated that she grabbed Petitioner.

### *Analysis*

On appeal, Petitioner argues that he received ineffective assistance of counsel.[1] The State argues that Petitioner fails to establish that trial counsel was ineffective. We agree with the State.

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, a post-conviction court's findings of fact are conclusive unless the evidence preponderates otherwise. *Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). Accordingly, questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court, and an appellate court may not substitute its own inferences for those drawn by the post-

---

[1] Petitioner has, on appeal, abandoned all other arguments.

conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

Both the Sixth Amendment to the Constitution of the United States and article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. *See Davidson v. State*, 453 S.W.3d 386, 392-93 (Tenn. 2014). In order to sustain a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under the two prong test established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must prove that counsel's performance was deficient and that the deficiency prejudiced the defense. *See State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that the same standard for determining ineffective assistance of counsel applied in federal cases also applies in Tennessee). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997). "Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This Court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999).

Even if a petitioner shows that counsel's representation was deficient, the petitioner must also satisfy the prejudice prong of the *Strickland* test in order to obtain relief. The question is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability "sufficient to undermine confidence in the outcome" that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694).

Here, Petitioner specifically argues that trial counsel was ineffective for failing to call witnesses to present evidence in support of a voluntary manslaughter conviction instead of second degree murder. The post-conviction court found that trial counsel was aware of Mr. Jiminez-Gomez, that trial counsel had interviewed him prior to trial, and that trial counsel made a tactical decision not to present additional witnesses at trial. The post-conviction court credited the testimony of trial counsel. As to other witnesses that Petitioner wanted trial counsel to call, Petitioner did not present them at the post-conviction hearing, therefore he cannot show prejudice. *See Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). The post-conviction court stated that "Petitioner failed to establish by clear and convincing evidence that trial counsel was ineffective for any of the various reasons alleged in his petitions or that [Petitioner] was prejudiced by any alleged deficiency." The record does not preponderate against the post-conviction court's findings. Petitioner is not entitled to relief.

### *Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE